[869 NYS2d 354]

In the Matter of ROBERT D. O'CONNELL, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 31, 2008

## APPEARANCES OF COUNSEL

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Gary Muldoon*, Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 8, 1975, and maintains an office for the practice of law in East Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct, including failing to comply with orders imposing monetary sanctions, failing to remain current with attorney registration requirements, representing a client in a matter in which he could be called as a witness and neglecting a client matter. Respondent filed an answer denying material issues of fact, and a referee was appointed to conduct a hearing. Following the hearing, the Referee filed a report, which the Grievance Committee moves to confirm. Respondent cross-moves to disaffirm the report in part, and has submitted matters in mitigation.

The Referee found that respondent failed to pay timely to the Lawyer's Fund for Client Protection monetary sanctions imposed by Family Court for his repeated tardiness at scheduled court appearances. Additionally, the Referee found that respondent represented his nephew in a court martial proceeding, notwithstanding the fact that he had been named as a coconspirator in that proceeding, and that he continued that representation until the motion by the military prosecutor in that proceeding to disqualify him was granted. The Referee further found that, in the course of representing a client in a matrimonial action, respondent used a retainer agreement form that did not comply with 22 NYCRR 1400.3, failed to provide the client with billing statements and failed to communicate adequately with the client. In addition, the Referee found that, after being discharged by the client, respondent failed to return to the client the client's file and failed to provide the client with an itemized billing statement, despite the client's request for such a statement. Finally, the Referee found that respondent failed to register as an attorney and to pay the biennial fee for the 2004-2005 registration period.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by his own personal interests;

DR 5-102 (a) (22 NYCRR 1200.21 [a])—acting or accepting employment that contemplates his acting as an advocate on issues of fact before any tribunal if he knows or it is obvious that he ought to be called as a witness on a significant issue on behalf of the client;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-106 (a) (22 NYCRR 1200.37 [a])—disregarding a ruling of a tribunal made in the course of a proceeding; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver to a client in a prompt manner as requested by the client property in his possession that the client is entitled to receive.

Additionally, by failing to register as an attorney and to pay the required fee, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1.

We have considered the matters submitted by respondent in mitigation, including that he eventually paid the monetary sanctions imposed by Family Court and brought current his attorney registration and fee requirements. In addition, we note that there is no proof that any client was actually harmed by respondent's misconduct and that respondent has expressed remorse for his misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of censure entered.